**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Rauschenberger Innovations GmbH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Song Ge, Shanghai Youyang Science and | ) | |
| Technology Center d/b/a Seyvum | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Rauschenberger Innovations GmbH ("Rauschenberger" or "Plaintiff"),

by and through its undersigned counsel, respectfully files this Complaint against Defendants

Song Ge and Shanghai Youyang Science and Technology Center d/b/a Seyvum ("Seyvum").

**NATURE OF THE ACTION**

1.       This is an action for copyright infringement in violation of 17 U.S.C.

§ 106 *et seq*.

2.        Plaintiff Rauschenberger is a family-owned business that makes high-

quality, innovative mechanical products in Germany for sale worldwide. Four generations of the

Rauschenberger family have manufactured such products in Germany since 1924, when earlier

generations of the Rauschenberger family founded a tool-making business.

3.       Plaintiff Rauschenberger sells some of its products on Amazon.com

("Amazon"). As pertinent here, Plaintiff sells its flagship product, the "Clax Cart," on Amazon.

4.       Plaintiff Rauschenberger owns exclusive rights in United States Copyright

Registration No. VAu001534268 (the "Clax Copyright"). This registration, attached hereto as

**Exhibit A**, covers some of the original photographs that Plaintiff uses to market its Clax Cart on Amazon and elsewhere.

5.      Plaintiff also has a related pending application for U.S. copyright registration relating to the design of its Clax Cart.

6.      Defendants are a Chinese counterfeiter that manufactures low-quality knock-offs of Plaintiff's Clax Cart. Defendants' knock-offs mimic the design and the trade dress of Plaintiff's Clax Cart.

7.      To market its knock-offs on Amazon, Defendant populates its Amazon listing with photographs that closely mimic the photographs covered by the Clax Copyright. As a result, Defendants' Amazon listing for Defendants' knock-offs closely resemble Plaintiff's own Amazon listings for the authentic Clax Cart.

8.      In November and December of 2024, pursuant to section 3 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512(c)(3)), Plaintiff sent DMCA takedown notices to Amazon, requesting that Amazon remove specifically identified photographs from Defendants' Amazon listing on the grounds that the identified photographs infringed the Clax Copyright.

9.      Amazon complied with its DMCA obligations by taking down the infringing photographs and notifying Defendant that it had done so.

10.     Defendant responded with a DMCA counternotice in which it expressly consented to jurisdiction to any judicial district in which Amazon can be found, which includes this judicial district. This counternotice identified the seller by what appears to be a personal name, "Song Ge," and appears to be silent as to the legal name of the company, if any, which Ge represents. *See* **Ex. B**.

11.     Although Seyvum's DMCA counternotice (Ex. B) was silent as to the legal name of defendant company, Seyvum's Amazon store provides the following business name:

## Detailed Seller Information

**Business Name:** Shanghai Youyang Science and Technology Center
**Business Address:**
　浦东新区昌里路340弄3号402室
　上海
　浦东新区
　上海
　200126
　CN

12.  On information and belief, the Chinese-language address stated on Seyvum's Amazon page translates to "Room 402, No. 3, Lane 340, Changli Road, Pudong New District Shanghai Pudong New Area Shanghai, 200126 China."

<u>**PARTIES**</u>

13.     Plaintiff Rauschenberger is a German corporation with its principal place of business at Saynstraße 41, 57627 Hachenburg, Germany. Rauschenberger is a family-owned business that makes high-quality, innovative mechanical products in Germany for sale worldwide.

14.  Defendant Seyvum is a Chinese company that has provided Plaintiff with a DMCA counternotice stating the address of its principal place of business as follows: 27th Floor, 88th North Sichuan Road, Hongkong District, Shanghai. *See* **Ex. B.** Although this differs from the street address given on Seyvum's Amazon page, both addresses appear to be located in Shanghai, China.

## JURISDICTION AND VENUE

15.     This is a civil action seeking damages for copyright infringement under the Copyright Act, 17 U.S.C. § 106 *et seq.*

16.     This Court has jurisdiction pursuant to the following statutes:

(a)     28 U.S.C. § 1331, giving district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

(b)     28 U.S.C. § 1338, giving district courts original jurisdiction over civil actions arising under any Act of Congress relating to, *inter alia*, copyrights.

17.     This Court has personal jurisdiction over Defendant in this action under 42 Pa. C.S.A. § 5301(a) subsections (2)(ii) and (3)(ii) because Defendant expressly consented to such jurisdiction. Specifically:

(a)     When Defendant responded to Plaintiff's DMCA takedown notices, Defendant, as required by the DMCA, expressly consented to the jurisdiction "of any jurisdiction in which Amazon may be found." **Ex. B** (Counternotice); 17 U.S.C. § 512(3)(D).

(b)     Federal district courts across the United States routinely interpret Section 512(3)(D) of the DMCA to mean that for purposes of jurisdiction over Amazon sellers, Amazon "may be found" in any judicial district in which officers or agents of Amazon carry on business, and thus, at least in any district in which Amazon corporate offices and/or customer fulfillment centers exist. *See*,

*e.g.*, *DP Creations, LLC v. ADolly.com, an Unknown Chinese Business Entity*, No. 23-4126, 2024 WL 4491924, at *5-6 (10th Cir. Oct. 15, 2024) (reversing lower court's decision to the contrary and holding that jurisdiction over Chinese Amazon sellers was proper, explaining that Amazon "may be found" in the forum state because it has employees, customer fulfillment centers, and delivery stations in the state); *Cawthon v. Zhousunyijie*, No. 22-CV-03021 (LJL), 2024 WL 1156073, at *4 (S.D.N.Y. Mar. 18, 2024) (finding jurisdiction based upon Chinese Amazon seller's consent in DMCA counternotice because an "Amazon fulfilment center is located within this jurisdiction… [citing the street address thereof]. Defendants have therefore affirmatively consented to the jurisdiction of the Court.").

(c)    On information and belief, Amazon has approximately thirty thousand (30,000) employees, a corporate office, and more than fifty customer fulfillment centers in the state of Pennsylvania. Moreover, Amazon has employees and customer fulfillment centers in the Middle District of Pennsylvania, including at least two customer fulfillment centers in Harrisburg. Further, an October 24, 2023 news article announced that Amazon had opened a "fulfillment center in central Pa. the size of 17 football fields," making this fulfillment center, which is located in York County

and thus falls within this Court's jurisdiction, "*one of* the largest

Amazon facilities in central Pa." **Ex. C** (emphasis added).

18.     Venue is proper in the United States District Court for the Middle District

of Pennsylvania pursuant to 28 U.S.C. § 1391(c)(3) because Defendant are a foreign entity and

foreign individual not resident in the United States, and thus, Defendants "may be sued in any

judicial district." 28 U.S.C. § 1391(c)(3).

## FACTUAL BACKGROUND

19.     Plaintiff Rauschenberger realleges and incorporates all paragraphs above

as if fully set forth herein.

20.     Plaintiff began selling the Clax Cart on European Amazon sites, including

www.Amazon.de, in or about 2015.

21.     An authorized reseller for Plaintiff began selling the Clax Cart, on

Plaintiff's behalf, on Amazon in the United States, namely www.Amazon.com, in or about 2017.

Plaintiff began selling the Clax Cart directly on its own behalf on U.S. Amazon in or about 2021.

22.     The photographs covered by the Clax Copyright were taken in 2016 and

Plaintiff first incorporated them into Plaintiff's Amazon listings in or about 2017.

23.     On information and belief, Amazon websites based in Europe and North

America, including the Amazon websites whose URLs are set forth above, are accessible to

internet users worldwide, including in China.

24.     Accordingly, on information and belief, Plaintiff's Amazon listings,

including the photographs covered by the Clax Copyright, have been accessible to internet users

in China and worldwide since 2017.

25.     In or about October and early November of 2024, Plaintiff discovered that

Defendant was selling knock-offs of the Clax Cart, and marketing said knock-offs with

photographs that infringe those covered by the Clax Copyrights, through the following two "ASIN" ("Amazon Standard Identification Numbers) on www.Amazon.com: B0D64V4M9XC.

26.     Accordingly, on or about November 8, 2024, Plaintiff sent DMCA takedown notices to Amazon, requesting that the infringing photographs at that ASIN be removed. Amazon complied.

27.     On or about December 5, 2024, Defendant submitted a DMCA counternotice concerning the infringing photographs associated with the aforementioned ASIN, and expressly submitted to jurisdiction for any resulting copyright infringement lawsuit.

## COUNT ONE: INFRINGEMENT OF THE CLAX COPYRIGHT

28.     Plaintiff Rauschenberger realleges and incorporates all paragraphs above as if fully set forth herein.

29.     On September 13, 2024, the United States Copyright Office issued Copyright Registration Number VAu001534268 (the "Clax Copyright"). A true and correct copy of the copyright registration certificate is attached hereto at **Exhibit A.**

30.     Plaintiff is the owner of the Clax Copyright.

31.     Defendants have made and used unauthorized reproductions and/or derivative imitations of photographs protected by the Clax Copyright. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive right to create derivative works thereof.

32.     Defendants' infringement has been undertaken willfully with the intent to financially gain by infringing Plaintiff's intellectual property.

33.     On information and belief, Defendant intentionally and without authorization copied Rauschenberger's copyrighted photographs and used its infringing photographs on its own Amazon listing, such that Defendants' Amazon listing for Defendants' knock-off of the Clax Cart intentionally imitated, copied and infringed upon copyrighted portions of Rauschenberger's Amazon listing for the authentic Clax Cart. Non-exhaustive examples of Defendants' intentional copying are attached hereto as **Exhibit D**.

34.     As a result of Defendants' infringing acts, Plaintiff is entitled to its actual and/or statutory damages in an amount to be proven at trial, together with all other relief permitted under the Copyright Act.

35.     As a result of Defendants' willful infringement, Plaintiff is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

36.     Defendants' infringement has caused and, unless restrained, would continue to cause irreparable harm to Rauschenberger, for which Rauschenberger has no adequate remedy at law. Accordingly, Rauschenberger is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rauschenberger respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

1.     That the Clax Copyright has been infringed by Defendant;

2.     That such infringement has been willful, malicious and outrageous;

3.     Money damages sufficient to compensate Plaintiff, in an amount to be determined at trial, together with prejudgment interest and costs;

4.     An award of all other damages permitted by 17 U.S.C. § 504, including increased damages up to three times the amount of compensatory damages found;

    5.      An award of Plaintiff Rauschenberger's attorneys' fees, as permitted by 17 U.S.C. § 505, and/or other applicable law;

    6.      An order and judgment enjoining Defendant and its officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from infringing the Clax Copyright; and

    7.      All such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 28(b), Plaintiff Rauschenberger demand a trial by jury on all issues triable by jury.

Dated:  December 16, 2024        Respectfully submitted,

By:  /s/ Susan Metcalfe_____
PA I.D. 85703
Eliza Hall
PA I.D. 205508
Potomac Law Group, PLLC
1717 Pennsylvania Ave. NW, Suite 1025
Washington, DC 20006
Phone: (202) 558 5557
Facsimile: (202) 318 7707
smetcalfe@potomaclaw.com
ehall@potomaclaw.com

*Counsel for Plaintiff Rauschenberger Innovations GmbH*